UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SANJAY CHANDRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00760-O |
| | § | |
| GDM LEASING, INC., GEORGE D. MANDERBACH, INC., KINLEY FORD, LLC, KINLEYCO. VENTURES, INC., AND STEVEN KAHLON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Sanjay Chandra's Amended Motion to Remand and Appendix in Support (ECF Nos. 14–15), filed August 23, 2024; Defendants' Response (ECF No. 17) filed September 13, 2024; and Plaintiff's Reply (ECF No. 18) filed September 19, 2024. Having carefully considered the motion, response, reply, and applicable law, Plaintiffs' motion is **GRANTED in part and DENIED in part**.

### I. BACKGROUND

Defendants GDM Leasing and George D. Manderbach Inc. removed this action from the 352nd Judicial District Court, Tarrant County, Texas, by notice of removal filed August 9, 2024.[1] Defendants allege that this Court has jurisdiction because: "In what is clearly an attempt to defeat diversity jurisdiction and litigate his tenuous claims . . . Plaintiff, Sanjay Chandra ('Chandra'), a

---

[1] Defs.' Not. of Removal, ECF No. 1.

Tarrant County resident, has sued a shell, Texas entity called Kinley Ford, LLC ('Kinley Ford')."[2]

In his complaint, Plaintiff alleges that Mr. Chandra invested millions of dollars into several car-dealerships with Mr. Steve Kahlon and in return, "Mr. Kahlon promised co-equal ownership in the businesses, among other things."[3] On April 23, 2024, Plaintiff filed his complaint in Texas state court alleging the following causes of action:

(1) Breach of Contract (Kinley Ford Term Sheet);

(2) Declaratory Judgment (Kinley Ford);

(3) Breach of Contract (KinleyCo. Promissory Note);

(4) Declaratory Judgment (Kinley Co. Ventures);

(5) Breach of Contract (KinleyCo. Shareholder Agreement); and

(6) Fraud.[4]

## II.   LEGAL STANDARD

A defendant may remove a case to federal court when federal jurisdiction exists if they follow the proper procedure for removal. 28 U.S.C. § 1441; *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of establishing that the state court lawsuit is removable to federal court. *Manguno*, 276 F.3d at 723. To determine whether there is jurisdiction, the federal district court treats the claims in the state petition as they existed at the time of removal. *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). In doing so, federal courts should resolve any doubts about the propriety of removal in favor of remand. *Id.*

A federal court has subject matter jurisdiction based on diversity of citizenship "where the

---

[2] *Id.* at 1.
[3] Pl.'s Compl. 1, ECF No. 1-5.
[4] *Id.* at 10–14.

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Proper jurisdiction under 28 U.S.C. § 1332 requires complete diversity between plaintiffs and defendants. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). For there to be complete diversity, all parties on one side of the controversy must be citizens of different states from all parties on the other side. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).

When reviewing whether a case is properly removed, courts must consider the federal removal statute, which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (citing 28 U.S.C. § 1441(a)). The statute further provides that suits "may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, to remove a case to federal court, a defendant must establish that all non-diverse parties are improperly joined.

To establish improper joinder, the burden is on the defendant to show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)) (internal quotation marks omitted). To apply the second prong, a defendant must show that the plaintiff cannot possibly recover against the same-state defendant. *Id.* When confronted with this situation, a court may conduct a Rule 12(b)(6)-type analysis by looking at the complaint and assessing whether the plaintiff "misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* In conducting this analysis, a court must "examine the plaintiff's possibility of recovery against that defendant *at the time of removal*."

*Flagg v Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) (emphasis in original).

**III.     ANALYSIS**

This court must remand the case to Texas state court, because Defendants fail to prove improper joinder of Kinley Ford, LLC and therefore diversity does not exist. Remand is mandated, under these circumstances. In deciding if defendants have been improperly joined the court should focus on the joinder itself, not on the merits of the case. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The courts acknowledge two forms of improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* Defendants are not alleging actual fraud in the pleading of jurisdictional facts, so this court must only look at the second form of improper joinder.

Here, Plaintiff is able to establish a cause of action against the non-diverse party in state court. Defendants have failed to "demonstrate[] that there is no possibility of recovery by the plaintiff against an in-state defendant" because the "complaint states a claim under state law against the in-state defendant." *Id.* Since a state court "might impose liability on the facts involved, then there is no [improper] joinder." *Lowery v. Allstate County Mutual Ins. Co.*, 2007 WL 1231703 at *2 (N.D. Tex 2007) (citing *Great Plains Trust*, 313 F.3d at 312).

Plaintiff filed his complaint in Tarrant County, alleging six causes of action against the parties, two of which are relevant for this remand: breach of contract and declaratory judgment. The *possibility* that Plaintiff can prevail on either of these claims is sufficient to deprive this court of jurisdiction and demand remand. Here, Plaintiff's complaint sufficiently pled enough facts that he may prevail in state court on his breach of contract claim or his declaration as to what his ownership interest is in Kinley Ford, LLC.

For Plaintiff's breach of contract claim against Kinley Ford, Plaintiff has pled sufficient facts. Defendants claim that Plaintiff's original complaint is deficient for four reasons. First, "there was no privity of contract between Mr. Chandra and Kinley Ford."[5] Second "the alleged term sheet was not a valid and enforceable contract because it was illusory and failed to contain all essential and material terms with a reasonable degree of certainty and definiteness."[6] Third, "the alleged term sheet was unenforceable as a matter of law because it lacked consideration."[7] Fourth and finally, "the alleged term sheet violated the Texas usury laws, and was therefore unenforceable."[8]

Plaintiff has, however, pled sufficient facts to counter each of these alleged deficiencies. Plaintiff properly pled that the terms of the agreement proves privity with Kinley Ford.[9] To counter these alleged deficiencies, Plaintiff claims that, "(1) the owner of Manderbach and GDM Leasing is a party to the Kinley Ford Term Sheet; (2) Kinley Ford owns Manderbach and GDM Leasing per the Kinley Ford Company Agreement; and (3) the organizational chart that Mr. Kahlon affirmed plainly shows Kinley Ford owns Manderbach and GDM Leasing."[10] Those facts, at this stage, are sufficiently pled to conclude that the parties' intended that Kinley Ford would be bound by the Term Sheet. *See Cicciarella v. Amica Mut. Ins. Co.*, 66 F.3d 764, 768 (5th Cir. 1995). Next, as to the enforceability of the terms of the agreement, Defendants levy a number of attacks on the terms of the agreement. But at this stage Plaintiff is not required to establish that he will prevail on his breach of contract claim to secure a remand of this case. Plaintiff must only establish that he has a possibility of prevailing. *See Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 43 (5th Cir. 1992). Plaintiff has pled enough to maintain the possibility of success. Finally, the last deficiency

---

[5] Defs.' Not. of Removal 27, ECF No. 1.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *See* Pl.'s Mot Remand, 20, ECF No. 14.
[10] *See Id.* at 21 (citing Exhibit A-1 at App. 007; Exhibit A-3 at App. 018; Exhibit C-2 at App. 240).

which may result in improper joinder is the affirmative defense of Texas usury laws. However, "[i]f the assertion of improper joinder is based on the existence of an affirmative defense and there is any possibility the plaintiff might survive that affirmative defense, there is no improper joinder and the case must be remanded to state court." *Tedesco v. McKenna*, No. 4:14-cv-119, 2014 WL 3347076, at *5 (E.D. Tex. July 3, 2014). Here too Plaintiff has presented enough of a possibility to survive the affirmative defense.

As to the Texas Declaratory Judgment Act, Plaintiff has also pled sufficient facts to "afford[] Texas courts the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." *Boy Scouts of Am. v. Hartford Accident & Indem. Co.*, 443 F. Supp. 3d 753, 760 (N.D. Tex. 2020) (citations and internal quotation marks removed). "Under Texas law, '[d]eclaratory judgment actions are intended to determine the rights of parties when a controversy has arisen, before any wrong has actually been committed, and are preventative in nature.'" *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701 (N.D. Tex. 2011) (quoting *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 88 (Tex. App.—Austin 2004, pet. denied)). A declaratory judgment action is appropriate where "a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). Here, a justiciable controversy exists as to the rights and status of the parties. For this reason, the Court must remand the case. The state court must resolve the real controversy of whether Mr. Chandra is entitled to the declaration that he seeks, namely, that he is a 50% owner of Kinley Ford.[11]

In conclusion, this court must remand the case to state court because complete diversity does not exist. After conducting a 12(b)(6)-type analysis of Plaintiff's initial pleading, the facts as

---

[11] *See* Pl.'s Compl. at ¶ 42., ECF No. 1-5.

pled lead to the conclusion that Plaintiff has a possibility of recovering against Kinley Ford, LLC in state court. Understandably, many of these facts at this stage are disputed. However, the merits of the case are not before the Court. Plaintiff pled all necessary facts for a state breach of contract claim against Kinley Ford, LLC and the Texas Declaratory Judgment Act. Therefore, there is a possibility of recovery in state court. For the foregoing reasons this court must remand.

### IV. OTHER MOTIONS

In addition to moving for remand, Plaintiffs filed an original Motion to Remand and Motion for Attorney's Fees (ECF No. 12), a Motion for Sanctions (ECF No. 18), and Motion for a Hearing on Plaintiff's motions (ECF No. 21). Because the Court is remanding this case, the Court **DENIES as moot** Plaintiff's original Motion (ECF No. 12) and Motion for a Hearing (ECF No. 21). Further, the Court **DENIES** Plaintiffs' Motion for Sanctions and Motion for Attorney's Fees as the Court does not find that Defendants acted in bad faith or with the sole purpose of causing delay.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Motion to Remand (ECF No. 13) is **GRANTED in part** with regard to remand and **DENIED in part** with regard to Motion for Attorney's Fees, Motion for a Hearing, and Motion for Sanctions. Accordingly, this case is **REMANDED** to the to the 352nd Judicial District Court of Tarrant County, Texas. The Clerk of Court is **DIRECTED** to return this case using the standard process.

**SO ORDERED** this **1st** day of **October, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**